UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


ROLLER BEARING INDUSTRIES, INC.                                         PLAINTIFF


v.                                                      CIVIL ACTION NO. 3:05CV-508-S


MICHAEL E. PAUL, et al.                                                 DEFENDANTS


**MEMORANDUM OPINION AND ORDER**


This matter is before the court for consideration of the motions of the plaintiff, Roller
Bearing Industries, Inc. ("RBI"), to lift the stay in this matter (DN 160) and to modify the
preliminary injunctions entered March 26, 2010 and May 20, 2010, and order repayment of attorneys
fees, costs and expenses advanced to the defendants pursuant to the court's orders (DN 151).

This action was filed in 2005 by RBI, alleging that defendants Michael E. Paul and Daniel
T. Conway and others defrauded RBI and misappropriated well over one million dollars.  On
October 5, 2009, a federal grand jury indicted Paul and Conway for mail fraud and conspiracy to
commit mail fraud arising out of the same core facts as this civil action.  On October 14, 2009, the
court granted an unopposed motion of the defendants to stay the action pending resolution of the
criminal action.

In March and May of 2010, the court entered injunctions to require RBI "to promptly pay
for or reimburse the reasonable expenses, including attorneys' fees, incurred by Paul and Conway
in connection with this proceeding and criminal case No. 09-CR-147-H in advance of final
disposition," per the terms of the governing Articles of Amendment, and in accordance with Virginia
law.  (DNs 141; 142; 147).

The criminal action was scheduled for trial on April 16, 2012.  In March, the defendants entered into pretrial diversion agreements with the United States, and the trial was remanded from the docket.  The agreements provided that "prosecution for this offense shall be diverted for a period of 18 months" and will ultimately be dismissed with prejudice if the defendant complies with various conditions including the payment of restitution to SKF Industries.[1]  The agreements were signed on May 9, 2012.  Therefore, the diversionary period will expire on November 9, 2013.

RBI has moved the court to lift the stay of this civil proceeding and to modify the injunctions to require the repayment of costs advanced to the defendants.  The motions are premature, as the criminal action remains pending.  RBI argues that the defendants' entry into pretrial diversion agreements constitutes a "resolution" of the criminal action against them.  RBI is incorrect.  The agreements establish that the criminal charges will be resolved upon the defendants' successful completion of the agreements' terms during the diversionary period.  Dismissal is not, however, a foregone conclusion. The United States retains the power during the period of pretrial diversion to

(1) Revoke or modify any condition of this deferred prosecution;

(2) Change the period of supervision;

(3) Discharge you from supervision;

(4) Proceed with your prosecution for this offense if you violate these conditions.

Div.Agr. (DN 151-1), p.2.

This matter will remain stayed until such time as the charges against the defendants are resolved through dismissal or adjudication.

---

[1]SKF Industries owns RBI.

RBI's motion to modify the preliminary injunctions and require repayment of advanced costs is premature, as RBI is required to advance costs in advance of final disposition of the proceedings. RBI urges that the question of repayment of costs is ripe because the entry into the diversion agreements "disposed of their criminal cases." DN 156, p. 2. This statement is factually inaccurate, as the criminal action remains pending and the diversionary period continues to run. Further, the determination concerning repayment, if any, is to be made "after final disposition of such proceeding." Art. of Amend., ¶ 2. There has been no final disposition of either the civil or criminal action.

RBI contends that whether or not the diversion agreements conclude the criminal case, it is "unfair, unnecessary and inefficient to wait until dismissal of the criminal case in November 2013 to relieve RBI of its advancement obligations." DN 156, p. 3. It urges that the defendants' agreement to pay restitution extinguished their right to continued advancement of fees and costs. The fairness, necessity and inefficiency arguments made in opposition to the motions for injunctive relief have simply been repackaged here. We reiterate that RBI does not dispute that the prerequisites for the prepayment of expenses were met by the defendants. The defendants are therefore entitled to the payment of reasonable expenses in advance of final disposition as required by the court's orders, despite RBI's firm conviction that it will ultimately prevail on the question of reimbursement. The agreement of the defendants to pay a sum in restitution will become pertinent upon final disposition of the criminal action, but not before.

Motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

> (1) The motion of the plaintiff, Roller Bearing Industries, Inc., to lift the stay of this action (DN 160) is **DENIED.**

(2) The motion of the plaintiff, Roller Bearing Industries, Inc., to modify preliminary injunctions and require repayment of advanced costs (DN 151) is **REMANDED** as premature.

**IT IS SO ORDERED.**

February 11, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**